UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:15-cr-0031-SEB-DML |
| | ) | |
| BRIAN MAXWELL, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On January 26, 2016 and January 29, 2016, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on December 15, 2015 [Dkt. 12] and a supplemental petition dated January 14, 2016 [Dkt. 22].  Defendant Maxwell appeared in person with his appointed counsel Michael Donahoe.  The government appeared by Kristina Korobov, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Troy Adamson.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.	The Court advised Defendant Maxwell of his rights and provided him with a copy of the petition and supplemental petition.  Defendant Maxwell waived his right to a preliminary hearing.

2.	After being placed under oath, Defendant Maxwell admitted violations 1, and 3 of the petition and violations 1a, and 3a of the supplemental petition.  [Docket Nos. 12 and 22.]

3.	The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

On November 13, 2015, the offender provided a urine sample which was forwarded to Alere Laboratory and confirmed positive for synthetic marijuana. On December 4, 2015, he admitted to using synthetic marijuana.

As previously reported to the Court, on June 1, and July 13, 2015, the offender tested positive for cocaine. He denied use on both occasions. The samples were forwarded to Alere Laboratory and confirmed positive for cocaine.

As previously reported to the Court, on March 18, 2015, the offender was taken to the emergency room in Anderson, Indiana, for overdosing on synthetic marijuana.

| 3 | **"The defendant shall reside for a period of 6 months at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."** |
|---|---|

The offender has received 7 incident reports while at the RRC for the following rule violations: smoking where prohibited; possessing suspected synthetic marijuana; possessing rolling papers and matches (contraband); and failing to pay subsistence.

| 1a | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
|---|---|

On December 10, 2015, the offender provided a urine sample which was forwarded to Alere Laboratory and confirmed positive for synthetic marijuana. On January 5, 2016, he admitted to using synthetic marijuana.

| 3a | **"The defendant shall reside for a period of 6 months at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."** |
|---|---|

Since the filing on the last violation report the offender has received 5 additional incident reports while at the RRC for the following rule violations: smoking where prohibited, and smoking suspected synthetic marijuana. On December 15, 2015, RRC staff found the offender smoking

>in a bathroom stall.  He appeared to be under the influence of synthetic marijuana and he could not stand.  On January 7, 2016, he again appeared to be under the influence of synthetic marijuana and had difficulty communicating with his case manager.

4. The government orally moved to dismiss violation 2 and the Court granted the same.

5. The parties did not agree to disposition and arguments were presented.  The parties first disputed the grade of violation demonstrated by the facts to which defendant admitted.  The government argued those facts set forth a Grade B violation, specifically possession of cocaine, which is a Level 6 felony punishable by a term of imprisonment between 6 months and 2 1/2 years under Indiana law.  Ind. Code ' ' 35-48-4-6(a) & 35-50-2-7(b).  Accordingly, the government argued that the conduct constituted a state offense punishable by a term of imprisonment exceeding one year, and thus constituted a Grade B violation.

Defendant argued that Mr. Maxwell had only admitted to **using** cocaine, and that evidence of **use** does not constitute evidence of **possession**, which is required by the criminal statute described above.  Unfortunately for Defendant, his argument is directly contradicted by established Seventh Circuit authority.  In *United States v. Trotter*, Judge Easterbrook addressed this very question, holding that it is appropriate to infer possession of a drug from evidence of its use.  270 F.3d 1150, 1153-54 (7th Cir. 2001) (noting that "[e]very other court that has considered this question has come to the same conclusion.").

In this case, Mr. Maxwell tested positive for cocaine twice, on June 1, 2015 and again on July 13, 2015.  [Dkt. 12 at 1.]  Those two verified drug tests, separated by 42 days, are a sufficient basis for the Court to reasonably infer that Mr. Maxwell used, and therefore possessed, cocaine on multiple dates.  Accordingly, the Court finds that the proper grade of violation is Grade B.

Based upon the finding of a Grade B violation, the government recommended, due to the repeated and serial nature of Mr. Maxwell's violations, that the maximum period of incarceration of 24 months be imposed, with no supervised release to follow. Defendant argued that a lesser period of incarceration would be adequate to satisfy the considerations set forth at 18 U.S.C. ' 3553(a). The Court, having considered the factors set forth at 18 U.S.C. ' 3553(a), finds that Mr. Maxwell's repeated and systematic series of violations of the terms of his supervised release, even after his placement at a Residential Reentry Center, justify the sentence recommended by the government.

      6.      The Court finds that:

            (a)      The highest grade of violation is a Grade B violation.

            (b)      Defendant's criminal history category is VI.

            (c)      The range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 24 months' imprisonment.[1]

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be **REVOKED**, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 24 months with no supervised release to follow. The Magistrate Judge further recommends that Mr. Maxwell be designated to a facility wherein he could participate in the Federal Bureau of Prisons' Residential Drug Abuse Program (RDAP) wherein he will hopefully receive intensive substance abuse treatment.

---

[1] The actual range of imprisonment set forth on the table at ' 7B1.1 of the United States Sentencing Commission Guidelines Manual is 21-27 months. However, because the statutorily authorized maximum term of imprisonment that may be imposed on Mr. Maxwell is only 24 months, pursuant to ' 7B1.1(b) that 24 month maximum is substituted as the maximum of the applicable range.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated:  22 FEB 2016

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal